```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION
```

ALTON BROWN                                                        PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:20CV614TSL-RPM

LOFTON SECURITY SERVICES, INC., ET. AL                            DEFENDANTS

<u>ORDER</u>

This cause is before the court on the separate motions of defendants Derrick Weeks and Matthew Bailey and defendant Lofton Security Services, Inc. for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiff Alton Brown opposes the motions, and the court, having considered the parties' memoranda and submissions, concludes that the motions will be denied.

Brown was formerly employed by Lofton as a field supervisor. He was terminated from his employment in October, 2019, ostensibly for violation of company policies/rules. Brown, however, alleges in this action that he was fired in violation of the antiretaliation provisions of Title VII, 42 U.S.C. § 2000e, because, on more than one occasion, he opposed what he reasonably believed to be sexual harassment of another Lofton employee, Shonterria Hoye, by her supervisor at Lofton,

1

Willie Cooper. Brown further asserts a state-law claim for intentional interference with contract against defendants Weeks and Bailey, his supervisors at Lofton, alleging that they worked together in bad faith to have him terminated.

Lofton's Summary Judgment Motion

Lofton has moved for summary judgment, contending that Brown has failed to establish a prima facie case of retaliation, and arguing further that whereas it has proffered a legitimate non-retaliatory reason for Brown's termination, namely his violation of several company policies, Brown has failed to create a genuine issue of material fact as to pretext. Having considered the record evidence, however, the court is of the opinion that Brown has submitted sufficient evidence of each of the elements of his prima facie case and of pretext to withstand summary judgment. More to the point, even if the court assumes for the sake of argument that Brown's initial report to his superiors about a relationship between Cooper and Hoye was not a report of sexual harassment, or that Brown could not have reasonably believed that what he was reporting amounted to sexual harassment, plaintiff has presented evidence that following his initial report, which resulted in Cooper's demotion, Brown subsequently reported to Lofton that Cooper had continued and escalated his harassing conduct toward Hoye. In

2

the court's opinion, a jury could reasonably find from the evidence that Brown reasonably believed that this subsequent alleged conduct by Cooper toward Hoye amounted to sexual and/or retaliatory harassment.[1]

Regarding pretext, Lofton asserts that Brown was terminated because he committed separate violations of three company policies; Brown, however, denies having committed two of the three alleged violations, and while he does not deny the third alleged infraction, he claims that the violation was necessary, and did not warrant his termination, because certain actions/inactions of defendants Weeks and Bailey left him with no alternative but to violate company policy.  He argues, moreover, that the court may infer pretext in light of evidence that Lofton has given inconsistent explanations for his termination.  Specifically, he points to records of the Mississippi Employment Security Commission (MESC) which reflect that in response to his application for unemployment benefits,

---

[1]   Defendants have moved to strike significant portions of plaintiff's declaration which he submitted in response to the summary judgment motions.  The court will deny this part of the motions to strike portions of Brown's declaration as the court, in resolving defendants' summary judgment motions, has considered only those portions of the declaration to which defendants have not objected.
   Defendants have also moved to strike as cumulative Lofton's EEOC position statement to the EEOC.  The court has not relied on that exhibit in evaluating defendants' summary judgment motions, either, and so the motions to strike the position statement will also be denied as moot.

Lofton reported to MESC that he was terminated due to "lack of work." In the court's opinion, the record evidence, construed in favor of plaintiff, is sufficient to withstand summary judgment. See <u>Nasti v. CIBA Specialty Chemicals Corp.</u>, 492 F.3d 589, 594 (5th Cir. 2007) ("A court may infer pretext where a defendant has provided inconsistent or conflicting explanations for its conduct.").[2]

<u>Weeks and Bailey Summary Judgment Motion</u>

Plaintiff has sued Weeks and Bailey, his supervisors, for tortious interference with contract. The Mississippi Supreme Court has held that "a claim for tortious interference with at-will contracts of employment is viable in this state...." <u>Levens v. Campbell</u>, 733 So. 2d 753, 760 (Miss. 1999). To

---

[2]  Plaintiff produced an Equifax document which reflects "lack of work" as the reason given by Lofton for plaintiff's termination. Lofton has moved to strike this exhibit, contending that it does not appear in the MDES record and has not been authenticated. And in further support of the motion to strike, it has provided a declaration of Angie Hollier, its Director of Administration, who denies that anyone at Lofton advised Equifax that it terminated plaintiff for lack of work. There is a dispute between the parties as to whether the Equifax document is, in fact, part of the MDES record. However, Lofton has presented as an exhibit what it contends is the entire MDES file on plaintiff's claim for unemployment benefits, which has been authenticated; and while this exhibit does not contain the disputed Equifax document, it does contain evidence that "employer state[d] [Brown was] laid off/lack of work." [Dkt. 102.1, p.29]. In light of this evidence, the court has not considered the Equifax document in deciding Lofton's summary judgment motion. Therefore, the court will deny this portion of the motions to strike as moot.

4

prevail on this claim, Brown must prove that (1) defendants' acts were intentional and willful; (2) the acts were calculated to cause damages to the plaintiff in his lawful business; (3) they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant; and (4) actual loss occurred. Id. at 760–61. Further, a person who "occup[ies] a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third party." Shaw v. Burchfield, 481 So. 2d 247, 255 (Miss. 1985). Accordingly, to prevail on his claim of intentional interference against Weeks and Bailey, Brown must show that they were not privileged – that is, that they acted in bad faith and outside the scope of their responsibility in their roles as his supervisor. See Hicks v. Martinrea Auto. Structures (USA), Inc., 12 F.4th 511, 515–16 (5th Cir. 2021). Construing the record evidence in the light most favorable to Brown, the court concludes he has presented sufficient evidence from which a jury could reasonably find that they took actions to get him fired in retaliation for Brown's reporting alleged sexual harassment of Hoye. Cf. Hicks, 12 F.4th at 515–16 (allegation that supervisor fired plaintiff to prevent her from testifying at worker's compensation deposition was prima facie evidence of bad faith).

5

Conclusion

Based on the foregoing, it is ordered that defendants' motions for summary judgment are denied, and that defendants' motions to strike are denied as moot.

SO ORDERED, this 3rd day of January, 2022

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE